Kenneth Stanley KIRSCH, as Administrator of the Estate of Fred Kirsch, deceased, Plaintiff and Appellant,

v.

FIRST NATIONAL BANK OF WATERTOWN, Defendant,

and

Gene W. Kirsch, as Executor of the Estate of Chris Kirsch, deceased, Donna Kirsch, Gene Kirsch and Marlys Kirsch, Defendants and Appellees.

No. 12853.

Supreme Court of South Dakota.

Argued March 18, 1980.

Decided Oct. 29, 1980.

Alan L. Austin and J. Douglas Austin of Austin, Hinderaker & Hackett, Watertown, for plaintiff and appellant.

John L. Foley of Foley & Foley, Watertown and Lawrence L. Piersol of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

YOUNG, Circuit Judge.

This is an appeal from the trial court's decision in a declaratory judgment case wherein the court held that joint ownership had been created in two certificates of deposit. We affirm.

The record shows that Fred and Chris Kirsch were brothers and that each developed, with the aid and assistance of the other, successful farming operations near Watertown, South Dakota. Both brothers were married and both reared children. Fred Kirsch had one adopted son, Kenneth Stanley Kirsch, appellant herein, who instituted the present action on behalf of the

estate of Fred Kirsch.* Chris Kirsch had two children: a son, Gene Kirsch, who since 1967 had operated the Chris Kirsch farm and assisted Fred Kirsch in his farming operations; and a daughter, Donna Kirsch, who since high school has been receiving periodic treatment at the South Dakota Human Services Center in Yankton, South Dakota. Throughout their lives, Fred and Chris had given monetary aid to each other and often farmed each other's acreage.

For many years Fred Kirsch conducted his financial affairs through the First National Bank of Watertown, South Dakota. In 1974 Fred purchased a $10,000 certificate of deposit through the bank. The certificate was in joint tenancy with Fred's wife, Nettie. In September 1975, Nettie died. Early the following year Fred went to the bank and changed the joint tenancy from himself and his wife to himself and his brother Chris. His long–time banker, Burdette Solum, explained the effect of a joint tenancy to Fred and witnessed the change in the certificate of deposit. At that same time, Fred also purchased a $2,000 certificate of deposit that named "Fred Kirsch or Chris Kirsch" as joint tenants with right of survivorship. Fred Kirsch was an active farmer all his life and died as a result of a farm accident. He was an intelligent farmer who knew his financial affairs and his farming activities. There is no evidence that he did anything unknowingly or unwittingly in relation to these certificates of deposit.

There is the somewhat contradictory testimony from Chris Kirsch, through deposition, that when his brother set about dividing his property among his heirs, he expressed a desire to leave something for Donna Kirsch. The evidence does not indicate that Fred actually informed Chris of the manner in which this might be accomplished. Rather, the evidence shows that,

after discovering the certificates, both Gene and Chris Kirsch simply assumed that they had been left for Donna Kirsch's benefit.

■ In *Wagner v. Wagner,* 83 S.D. 565, 163 N.W.2d 339 (1968), we adopted the rule that there exists a rebuttable presumption of intent concerning joint accounts:

Although the form of the account is not conclusive, as we said in the cases supra, an account opened in joint names raises a rebuttable presumption that the creator of such an account intended the usual rights . . . of survivorship, to attach to it. . . .

83 S.D. at 571, 163 N.W.2d at 342, quoting *In re Pfeifer's Estate,* 1 Wis.2d 609, 85 N.W.2d 370 (1957). In order to overcome this presumption of intent the party seeking to negate the presumption must do so by evidence "which must be clear and satisfactory." *Wagner v. Wagner,* supra, 83 S.D. at 571, 163 N.W.2d at 342, quoting *In re Pfeifer's Estate,* supra.

Appellant contends there is clear and convincing proof in the record showing that this joint tenancy was established for the mere convenience of the depositor, Fred Kirsch, and therefore is void. The only testimony in the record that this was for the convenience of Fred Kirsch was that Donna Kirsch was incompetent and that it would be simpler to leave a certificate of deposit made out as joint tenants with Fred Kirsch and Donna's father, Chris Kirsch, as joint tenants, as opposed to making a will with appropriate trust documents.

In *Barbour v. First Citizens Nat. Bank of Watertown,* 77 S.D. 106, 86 N.W.2d 526 (1957), we acknowledged that joint accounts are sometimes established for the convenience or benefit of the original depositor, without intending any benefit to the joint payee:

* On January 20, 1977, appellant, Kenneth Stanley Kirsch, as administrator of the estate of Fred Kirsch, instituted this action against First National Bank of Watertown, Chris Kirsch and Donna Kirsch to recover two certificates of deposit as assets of the estate. Chris Kirsch died on April 1, 1977, and Gene Kirsch, as

executor of the estate of Chris Kirsch, was substituted as defendant. Gene Kirsch and Marlys Kirsch were also added as defendants because bank records indicated that they had been added as joint tenants on the certificates of deposit.

Many joint deposits are established for the convenience or benefit of the original depositor. Whether or not the original depositor intended the joint account for his own convenience or for the benefit of the nondepositing payee is a factual question to be determined from all the facts and circumstances in the case.

77 S.D. at 112, 86 N.W.2d at 529.

In *Barbour* the decedent had executed a will dividing his estate between his nephews David and James Barbour. Sometime prior to May 1, 1947, he added James Barbour's name as a joint tenant to his savings passbook. The decedent kept possession of the passbook. In September 1948, as a result of selling his farm, he deposited a substantial amount in the account. He also executed a codicil to the will acknowledging the sale of the farm and reaffirming the equal distribution of his estate. Finally, he left a note directing James Barbour as to the necessary arrangements for his medical care and funeral. Based on these facts and circumstances we concluded that the account had been created for the decedent's own benefit and therefore the assets belonged to the estate.

The facts in the present case do not show that Fred Kirsch created the joint tenancies for his own benefit. The facts established that Fred Kirsch was a careful man in his financial dealings, mentally alert and a good businessman. He was very conservative with his money and had an understanding of financial matters. There is no doubt that Fred Kirsch wanted in some way to benefit Donna Kirsch. There is also no doubt that he elected to establish a joint tenancy with right of survivorship with Donna's father and natural guardian. Fred Kirsch prepared the joint tenancy certificates of deposit and deposited them in a safe deposit box to be opened upon his death. He understood the effect of a joint tenancy.

■ In reviewing a trial court's decision, our function is not to decide factual issues de novo. The question is not whether this Court would have made the same findings that the trial court did, but whether, on the entire evidence, we are left with a definite and firm conviction that a mistake has been committed. *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970).

■ Appellant's evidence rests solely on the testimony of Chris and Gene Kirsch concerning remarks made by Fred Kirsch that he wanted to do something for his niece. The belief of Gene and Chris Kirsch that the money should benefit Donna Kirsch, absent other factual support, does not establish clear and satisfactory evidence that would cause this Court to conclude that a mistake was committed by the trial court in its findings.

We conclude that the trial court did not err in finding that appellant did not present clear and satisfactory evidence to overcome the presumption that Fred Kirsch intended to create joint ownership in the certificates of deposit. We therefore affirm the judgment entered by the trial court.

All the Justices concur.

YOUNG, Circuit Judge, sitting for FOSHEIM, J., disqualified.