**Albert ROTH, Lenora Schneider, Norbert C. Roth, R. James Zieser, Guardian Ad Litem for Darrin C. Roth, Becky Jo Roth, and Matthew S. Roth, Walter Roth, Agnes Thum and John W. Roth, Plaintiffs and Appellees,**

v.

**Philip PIER, Executor of the Estate of Theodor Roth, Deceased, Defendant,**

and

**Clarence Roth, Defendant and Appellant.**

No. 13040.

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided Aug. 26, 1981.

**816**

James R. Haar of Goetz, Hirsch, Haar & Klimisch, Tripp, for plaintiffs and appellees.

Raymond R. De Geest, Lake Andes, for defendant and appellant.

PER CURIAM.

In this appeal the trial court concluded that the funds remaining in a joint checking account in the names of Theodor Roth (decedent), Clarence Roth (appellant), and John Roth were an asset of decedent's estate. We affirm.

In 1975, after decedent's wife died, John Roth's name was placed on decedent and Katie Roth's checking account. Shortly thereafter, decedent became extremely ill and moved to a nursing home. Appellant assumed the responsibility for decedent's business affairs and, after June 14, 1978, signed all but one of the checks written on decedent and John Roth's account.

On August 12, 1978, appellant procured a signature card from the bank for the "joint and several account payable to either or survivor," checking account. He returned the card to the bank with his signature and the signatures of decedent and John Roth. Decedent, who could neither read nor write anything other than his name, did not give written or oral notification to the bank of any intention to change the ownership of the account.

Throughout the history of the checking account, the funds were used to pay decedent's bills. Neither appellant or John Roth ever deposited their money in the account. When decedent died, $9,262.49 remained in the account.

John Roth does not claim ownership of one-half of the balance remaining in the checking account as a surviving joint tenant; rather, he claims only that share that he will be entitled to as a residual heir of decedent. Appellant, however, argues that decedent clearly intended to transfer the balance of the account to the two survivors upon his death and that appellant, and not the estate, is entitled to one-half of the balance.

■ In *Barbour v. First Citizens National Bank of Watertown*, 77 S.D. 106, 86 N.W.2d 526 (1957), we noted that the controlling consideration is the intention of the original depositor. "Whether or not the original depositor intended the joint account for his own convenience or for the benefit of the nondepositing payee is a factual question to be determined from all the facts and circumstances in the case." 77 S.D. at 112, 86 N.W.2d at 529. See also *Wagner v. Wagner*, 83 S.D. 565, 163 N.W.2d 339 (1968). An account opened in joint names raises a rebuttable presumption that the depositor intended the usual incidents of jointly held property. *Wagner*, supra. "In order to overcome this presumption of intent the party seeking to negate the presumption must do so by evidence 'which must be clear and satisfactory.'" *Kirsch v. First National Bank of Watertown*, 298 N.W.2d 71, 72 (S.D.1980), quoting *Wagner*, supra.

■ The facts in this case show that decedent created the joint account for his own convenience and benefit. When appellant added his own name to the account, decedent was extremely ill and heavily medicated, could not read or write, and did not handle his own business affairs. All deposits to the account were from decedent's farm income; all disbursements were for decedent's business and personal benefit. The record reflects that decedent intended that the money in the account be used for his medical care and readily accessible for his funeral expenses.

The evidence clearly and satisfactorily indicates that the joint account was created solely for the benefit of decedent. The trial court did not err when it concluded that decedent did not intend to divest himself at death of the only available asset to pay his final debts.

The judgment is affirmed.